NATIONAL DISTILLERS AND CHEMICAL CORPORATION, Appellant,

v.

WILLIAM GRANT & SONS, INC., Appellee.

Patent Appeal No. 74-566.

United States Court of Customs and Patent Appeals.

Nov. 27, 1974.

David S. Patterson, Breed, Abbott & Morgan, New York City, atty. of record, for appellant. Gerald J. Craugh, New York City, of counsel.

Edward G. Fenwick, Jr., Mason, Fenwick & Lawrence, Washington, D. C., atty. of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 180 USPQ 342 (1973), sustaining appellee's opposition to the registration of DUET as a trademark for prepared alcoholic cocktails, application serial No. 333,597 filed July 25, 1969, claiming first use July 11, 1969. Incidental to this appeal on the merits, appeal was simultaneously taken from a much earlier decision of the board of March 20, 1972, abstracted at 173 USPQ 813, granting a motion to dismiss a counterclaim filed by the applicant to cancel the registration relied on by the opposer. This appeal was not taken until November 9, 1973. We reverse.

### Facts

Neither party took testimony, but both stipulated that named witnesses, one for each side, would, if called, give certain testimony. There is no conflict in the stipulated testimony.

Applicant's evidence shows that it has been a manufacturer and seller of various brands of alcoholic beverages since 1933. The prepared cocktails it has sold since 1969 under the trademark DUET are marketed in cans containing two drinks, the intention behind the mark being to suggest that the contents are sufficient to provide drinks for two people or two drinks. Eleven different cocktails are sold under the mark. Applicant's sales from July 11, 1969, through July 30, 1972, amounted to $7,415,389, and extended throughout the United States. Nearly $500,000 was spent on advertising.

Opposer relies on its Reg.No. 387,768, of May 27, 1941, renewed 1961, of DUVET for "liqueur" and on use of DUVET on French brandy since 1957. Paragraph 5 of opposer's stipulated testimony states:

Currently Opposer's DUVET trademark is being used solely in connection with the sale of brandy and Opposer's records show that the following sales of DUVET brandy were made during the years indicated:

|  | Cases |
|---|---|
| June 1966–May 1967 | 12,807 |
| June 1967–May 1968 | 7,562 |
| June 1968–May 1969 | 6,032 |
| June 1969–May 1970 | 6,044 |
| June 1970–May 1971 | 5,705 |

Paragraph 7 of opposer's stipulated testimony states that the following is a specimen of the DUVET brandy label now being used:

### OPINION

We will assume familiarity with the board opinion on the merits. The only question we find it necessary to decide is whether the board was correct in finding likelihood of confusion from concurrent use of DUET on cocktails and of DUVET on French brandy and liqueurs. We conclude it was not.

Regardless of how DUVET might be pronounced, we do not think purchasers would confuse it with DUET. The latter is a very common word in the English language which has the connotation of two of something. Virtually everyone is familiar with this word and its meaning. As applied by applicant to its goods, the suggestiveness of the mark is clear—that there are two drinks in the can or that the can contains drinks for two people. Purchasers of alcoholic beverages would not, we believe, think that DUVET is an English word. It is to be found in Webster's Third New International Dictionary, unabridged, as an English word of French origin, pronounced "du-vay," meaning "a downy growth characteristic of some fungus cultures," but we think practically no Americans other than experts in fungus cultures would be aware of this definition. In any case, it is not a familiar English word. In French it means "down; wool, nap."

Our basic reasons for believing that confusion would not be likely to result from concurrent use of DUET and DUVET were fully expressed in In re General Electric Co., 49 C.C.P.A. 1186, 304 F.2d 688 (1962), their substance being that the familiar is readily distinguishable from the unfamiliar. DUET is a familiar word; DUVET is not. DUET has clear and obvious meaning; DUVET does not. Clearly, the goods on which the marks are used, or presumed to be used, are not such as to contribute to likelihood of confusion, either of the goods or their origin. We do not believe anyone would think that DUVET NA-POLEON French Brandy came from the same source as DUET canned cocktails, even if the cocktail is made with brandy, as is the DUET brandy Manhattan.

We are constrained to disagree with the board's view that DUET and DU-VET "are substantially similar in both sound and appearance." The similarities are obvious but so are the differences, and we think the latter are as important as the former. We consider that the sound and meaning are substantially different and sufficiently so to preclude likelihood of confusion.

Having reached this conclusion on the assumption that the registration of DU-VET for liqueurs is a valid registration, the questions raised in the counterclaim for cancellation of that registration are moot,* and we therefore find it unnecessary to consider whether the decision dismissing that counterclaim is properly before us for review, it being contended that no appeal from the decision was taken within the time prescribed by the rules. We express no opinion on that question.

The decision of the board sustaining the opposition is reversed.

Reversed.

---

* Applicant does not press its petition for cancellation in the event the decision sustaining the opposition is reversed.